UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL J. BECK, et al.,

                  Plaintiffs,

v.

U.S. BANK NATIONAL
ASSOCIATION, et al.,

                  Defendants.

CASE NO. C17-0882JLR

ORDER ON MOTION TO
DISMISS

## I. INTRODUCTION

Before the court is Defendants U.S. Bank National Association ("U.S. Bank") and Nationstar Mortgage LLC's ("Nationstar") (collectively, "Defendants") motion to dismiss Plaintiffs Paul J. Beck and Lin O. Beck's (collectively, "Plaintiffs") complaint for failure to state a claim. (MTD (Dkt. # 10).) The court has considered the parties' submissions in support of and in opposition to the motion, the relevant portions of the

//

record, and the applicable law. Being fully advised,[1] the court GRANTS Defendants' motion.

## II. BACKGROUND

On August 17, 2005, Plaintiffs purchased a property at 817 North Gales Street, Port Angeles, Washington, using a $122,250.00 loan from lender Guaranty Bank. (Compl. (Dkt. # 1) ¶ 11, Ex. 1 at 1-3.)[2] Guaranty Bank secured the loan with a deed of trust, which was recorded in Clallam County. (*Id.* ¶ 13, Ex. 1.) The deed lists Plaintiffs as the borrowers, Guaranty Bank as the lender, Defendant Mortgage Electronic Registration System, Inc. ("MERS")[3] as the beneficiary of the deed "solely as a nominee

---

[1] Although both parties request oral argument, the court concludes that oral argument will not be helpful to its disposition of the motion and denies the parties' request. *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] Generally, a district court may not consider material beyond the complaint in ruling on a Rule 12(b)(6) motion to dismiss. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). However, a court may consider material properly submitted as part of the complaint, and a court may take judicial notice of matters of public record. *Id.* Thus, the court cites to the complaint's exhibits and accepts them as true for purposes of this motion because the exhibits are properly submitted with the complaint and because those exhibits that have been recorded are matters of public record. *See id.* The court is "not . . . required to accept as true allegations that contradict exhibits attached to the [c]omplaint or matters properly subject to judicial notice . . . ." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

[3] As explained by the Washington Supreme Court:

In the 1990s, [MERS] was established by several large players in the mortgage industry. MERS and its allied corporations maintain a private electronic registration system for tracking ownership of mortgage-related debt. This system allows its users to avoid the cost and inconvenience of the traditional public recording system and has facilitated a robust secondary market in mortgage backed debt and securities. Its customers include lenders, debt servicers, and financial institutes that trade in mortgage debt and mortgage backed securities, among others.

*Bain*, 285 P.3d at 36

for [l]ender and [l]ender's successors and assigns," and First American Title Insurance

Company ("First Title") as the trustee. (*Id.* Ex. 1 at 1-2.) The deed also notified

Plaintiffs that the promissory note it secured could be sold without giving them prior

notice. (*Id.* at 12.)

Six years later, on November 10, 2011, MERS executed and recorded an

Assignment of Deed of Trust assigning "all beneficial interest in" the deed of trust to

U.S. Bank, as trustee for the LXS 2006-2N securitized trust investors, "together with the

note(s) and obligations therein described." (Compl. ¶ 14, Ex. 2 at 1.) Plaintiffs

acknowledge that this was the "first assignment" of the deed of trust. (Resp. (Dkt. # 22)

at 8.) Almost two years later, on November 4, 2013, former Defendant Bank of America,

N.A. ("BANA") recorded an assignment using identical language and assigned the note

and deed to Nationstar. (*Id.* at 3-4.) However, BANA subsequently recorded a

Corrective Assignment of Deed of Trust on January 4, 2016, to clarify that it had

recorded the 2013 assignment in error and that the 2011 beneficiary, U.S. Bank—rather

than Nationstar—remained the beneficiary on the deed. (*See id.* at 3-6.)

On February 23, 2016, U.S. Bank recorded an Appointment of Successor Trustee

that named Quality Loan Service Corporation ("QLSC") as the new trustee for the deed.

(Compl. ¶ 18, Ex. 4 ("Trustee Appointment") at 2.) As of March 6, 2017, Plaintiffs were

in arrears on their loan for $66,971.33, and QLSC initiated a non-judicial foreclosure

action that day by recording a Notice of Trustee's Sale for Plaintiffs' property, scheduled

for July 14, 2017. (*See id.* ¶ 37, Ex. 5 ("Not. of Sale") at 1, 4.)

//

On June 8, 2017, Plaintiffs filed the instant action. (*See generally id.*) Three months later, the court granted a stipulated motion dismissing MERS and BANA as defendants. (9/12/17 Order (Dkt. # 16).) Accordingly, U.S. Bank and Nationstar are the only remaining defendants.

Plaintiffs seek equitable and monetary relief under federal and state law. (*See generally* Compl.) They seek declaratory and injunctive relief under two theories. (*Id.* ¶¶ 60, 66.) First, Plaintiffs allege that Defendants violated Washington's Deed of Trust Act ("DTA"), RCW 61.24.030, by "fail[ing] to properly record all assignments of the [d]eed of [t]rust" before they initiated foreclosure proceedings. (*Id.* ¶ 60.) Second, Plaintiffs allege that the securitized trust managed by U.S. Bank was an invalid assignee because the 2011 assignment violated the trust's pooling and service agreement ("PSA") and provisions of the internal revenue code, 26 U.S.C. §§ 860F, 860G. (*Id.* ¶¶ 62-66.)

Plaintiffs also seek damages under four different claims. (*Id.* ¶¶ 67-93.) First, Plaintiffs seek damages under a theory of unjust enrichment. (*Id.* ¶¶ 67-70.) Second, Plaintiffs claim Defendants violated Washington's Consumer Lending Act ("CLA"), RCW 31.04.027, and the state's Collection Agency Act ("CAA"), RCW ch. 19.16. (*Id.* ¶ 74.) Third, Plaintiffs claim Defendants violated Washington's Consumer Protection Act ("CPA"), RCW ch. 19.86. (*Id.* ¶¶ 75-85.) Fourth, Plaintiffs claim Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. (*Id.* ¶¶ 74, 86-93.)

//

//

# III. ANALYSIS

## A.    Legal Standards

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court construes the complaint in the light most favorable to the nonmoving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well-pleaded allegations of material fact as true and draw all reasonable inferences in favor of the plaintiff. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The court, however, need not accept as true a legal conclusion presented as a factual allegation. *Id.* Although Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). A pleading that offers only "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.* Further, a pleading may fail to state a claim under Rule 12(b)(6) "either by lacking a cognizable legal theory or by lacking sufficient facts alleged

under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016).  Thus, a complaint must contain sufficient factual allegations to "plausibly suggest entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

**B.      Washington's Deed of Trust Act**

The DTA, RCW ch. 61.24, governs statutory deeds of trust in Washington and establishes the procedures required for non-judicial foreclosure.  *See Massey v. BAC Home Loans Servicing LP*, No. C12-1314JLR, 2012 WL 5295146, at *1 (W.D. Wash. Oct. 26, 2012).  Under the DTA, a deed of trust is a form of three-party mortgage, involving not only a lender and a borrower, but also a neutral third-party called a trustee. *See Buse v. First Am. Title Ins. Co.*, No. C08-0510MJP, 2009 WL 1543994, at *1 (W.D. Wash. May 29, 2009).  The trustee holds an interest in the title to the borrower's property on behalf of the lender, who is also called the beneficiary.  *Id.*  Should the borrower default on his loan, the beneficiary need not petition a court to initiate foreclosure proceedings but may instruct the trustee to conduct a non-judicial foreclosure.  RCW §§ 61.24.010(2), .020, .030.  The beneficiary may replace the trustee with a successor trustee to initiate the foreclosure.  RCW 61.24.010(2).

Traditionally, the beneficiary of a deed of trust was "the lender who has loaned money to the homeowner." *Bain v. Metro. Mortg. Grp., Inc.*, 285 P.3d 34, 36 (Wash. 2012).  But lenders "have long been free to sell that secured debt, typically by selling the promissory note signed by the homeowner," and so the DTA defines "beneficiary" more

broadly as "'the holder of the instrument or document evidencing the obligations secured by the deed of trust.'" *Id.* (quoting RCW § 61.24.005(2)). In *Bain*, the Washington Supreme Court interpreted the DTA's definition of "beneficiary" and held that a DTA beneficiary must be the "holder of the promissory note." *Id.* at 36, 43. Thus, MERS could not lawfully foreclose because MERS was not the holder of the note, even though the deed of trust listed MERS as the "beneficiary" and MERS was purportedly "the holder of the deed of trust." *Id.* at 42-44.

"Holder" status, and thus DTA beneficiary status, turns on possession of the note, not ownership. In other words, a "holder" does not need to own the note to be the DTA beneficiary. *Brown v. Wash. State Dep't of Commerce*, 359 P.3d 771, 784 (Wash. 2015). Although the initial lender is both the owner of the note (the party with the beneficial interest who is entitled to the payments on the note and/or the proceeds of a foreclosure sale) and the holder of the note (the statutory beneficiary entitled to enforce the note, foreclose, and negotiate modifications), those rights are often separated when the lender sells the note on the secondary market. *See Marts v. U.S. Bank Nat'l Ass'n*, 166 F. Supp. 3d 1204, 1209 (W.D. Wash. 2016); *Brown*, 359 P.3d at 779. As the note is transferred between different holders, the DTA contemplates that the security instrument, such as a mortgage or deed of trust, will follow the note. *Bain*, 285 P.3d at 44.

In *Brown*, the Washington Supreme Court held that a loan servicer was the DTA beneficiary because it was the holder of the note, even though Freddie Mac owned the beneficial interest. 359 P.3d at 784. In concluding that the loan servicer was the holder of the note, the *Brown* court looked to the definition of "holder" in Washington's

Uniform Commercial Code:  the "'person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession.'"  *Id.* at 778 (quoting RCW 62A.1-201(21)(A)).  The court noted that the definition of holder focuses on possession of the note rather than ownership "in order to protect the borrower from being sued fraudulently or by multiple parties on the same note."  *Id.* at 778-79.

**C. Plaintiffs' Claims**

    1. <u>Declaratory Relief Invalidating Foreclosure Due to Improper Chain of Title and Securitization</u>

      Plaintiffs assert two claims for declaratory relief.  They assert that the court should declare the sale of their property in foreclosure invalid due to an improper chain of title and the securitization of their loan.  (*See* Compl. ¶¶ 49-66.)  Plaintiffs' claims for declaratory relief invalidating the foreclosure sale fail for several reasons.

      First, Plaintiffs rest their claim on the notion that separating the deed of trust and the note renders the note unenforceable.  (Compl. ¶ 45 ("It can be argued that if the Deed of Trust and Note are not together with the same entity, then there can be NO enforcement of the Note.").)  Plaintiffs' argument is contrary to Washington law because, as explained above, the DTA "contemplates that the security instrument will follow the note, not the other way around."  *Bain*, 285 P.3d at 44; *see also Bavand v. OneWest Bank*, 385 P.3d 233, 248 (Wash. Ct. App. 2016), *as modified* (Dec. 15, 2016) ("By operation of law, [the borrower's] deed of trust followed the negotiation of that note now held by [the foreclosing party].  Accordingly, [the foreclosing party] had the ability to enforce the deed of trust due to its possession of the note.").  Based on these authorities, it follows

logically that the noteholder is entitled to enforce both the note and the DOT by operation

of law. *See Bavand*, 385 P.3d at 248-49 ("[The bank's] authority to enforce the note and

[DOT] arose by operation of law due to the bank's status as holder of the delinquent

note."). Thus, "it is not a violation in Washington to split the note from the deed."

*Zamzow v. Homeward Residential, Inc.*, No. C12-5755 BHS, 2012 WL 6615931, at *1

(W.D. Wash. Dec. 19, 2012) (citing *Bain*, 285 P.3d at 48-49). Thus, any contention in

the complaint that foreclosure is improper because the note and deed of trust are "split"

fails as a matter of law. *See Robinson v. Wells Fargo Bank Nat'l Ass'n*,

No. C17-006JLR, 2017 WL 2311662, at *4 (W.D. Wash. May 25, 2017).

Second, Plaintiffs allege that MERS was never a valid beneficiary of the deed of

trust, and thus MERS' assignment of the deed of trust to U.S. Bank on November 10,

2011, was improper. (*See* Compl. ¶ 54; Resp. at 16.) However, "the noteholder is

entitled to enforce both the note and the [deed of trust] by operation of law." *Robinson*,

2017 WL 2311662, at *4. In other words, the power to initiate foreclosure lies with the

holder of the promissory note "regardless of any assignment of the deed of trust." *Blake*

*v. U.S. Bank Nat'l Ass'n*, No. C12-2186MJP, 2013 WL 6199213, at *2 (W.D. Wash.

Nov. 27, 2013); *see, e.g.*, *Ukpoma v. U.S. Bank Nat'l Ass'n*, No. 12-CV-0184-TOR, 2013

WL 1934172, at *3 (E.D. Wash. May 9, 2013) ("[B]y virtue of being in possession of the

note. . . , [U.S. Bank's] right to receive payment on the note does not depend upon any

assignment of the note."); *Massey*, 2013 WL 6825309, at *6 ("Bank of America's

authority to foreclose on the loan stemmed from the fact that Bank of America held the

//

Note," and therefore plaintiff's "argument that the Assignment [of the deed of trust] is 'without effect and a nullity' . . . is beside the point.").

Third, Plaintiffs argue that Defendants violated the DTA, RCW 61.24.030(5), by failing to record every assignment of the deed of trust. (Compl. ¶¶ 49-60; Resp. at 16-17.) The DTA requires that "the deed must have been recorded in the county in which the property is located" prior to initiating a trustee's sale. *Brown*, 359 P.3d at 775 (citing RCW 61.24.030(5)). The DTA does not require recordation of every assignment of a deed of trust. As the court stated in *Vawter v. Quality Loan Service Corporation of Washington*:

> The DTA states that "[i]t shall be requisite to a trustee's sale . . . [t]hat the deed of trust has been recorded in each county in which the land or some part thereof is situated." RCW 61.24.030(5). Nevertheless, the court is unable to find any statutory requirement that all assignments of the Deed of Trust must also be similarly recorded, and . . . the court is unable to find any authority that requires the recording of assignments as a "requisite" to the institution of a trustee's sale.

No. C09-1585JLR, 2010 WL 5394893, at *5 (W.D. Wash. Dec. 23, 2010). Indeed, the purpose of recording an assignment is to put parties who subsequently purchase an interest in the property on notice regarding which entity owns a debt secured by the property. *See* RCW 65.08.070. Such assignments do not affect the rights of a borrower. *See In re United Home Loans*, 71 B.R. 885, 891 (W.D. Wash. 1987) ("An assignment of a deed of trust and note is valid between the parties whether or not the assignment is ever recorded."). Here, there is no dispute that the deed of trust was recorded. (*See* Compl. Ex. 1.) Thus, the requirement of RCW 61.24.030(5) was satisfied irrespective of the recording or lack of recording thereafter of any subsequent assignment of the deed of

trust. *See also McPherson v. Homeward Residential*, No. C12-5920BHS, 2014 WL

442378, at *5 (W.D. Wash. Feb. 4, 2014); *Wright v. JPMorgan Chase Bank, N.A.*,

No. 4:16-CV-5155-EFS, 2017 WL 3623768, at *2 (E.D. Wash. Mar. 1, 2017)

(concluding that the DTA does not include a requirement to record every mortgage

assignment or transfer).

   Fourth, Plaintiffs argue that the securitization of their loan invalidates the sale of

their property in foreclosure.  This contention lacks merit because "the authority to

foreclose on a defaulting loan remains with the noteholder when a loan is securitized."

*Blake*, 2013 WL 6199213, at *3.  Numerous Washington courts have rejected the

contention that the securitization of a note voids the borrower's debt obligations.  *See*

*Pearse v. First Horizon Home Loan Corp.*, No. C16-5627BHS. 2016 WL 5933518, at *7

(W.D. Wash. Oct. 12, 2016) (collecting federal and state cases).  Here, Plaintiffs allege

that U.S. Bank's interest in the deed of trust is void because the transfer of Plaintiffs' loan

into the securitized investment trust occurred after the closing date for the trust to be

funded under the PSA.  (*See* Compl. ¶¶ 40-41, 63-66.)  Other district courts within the

Ninth Circuit have already rejected this particular iteration of the securitization argument:

> Plaintiffs fail to state a claim . . . based on an allegation that the assignment
> is invalid as being made to a "closed" securitization trust in violation of the
> PSA. This argument has been rejected . . . either (1) because a third party
> lacks standing to raise a violation of a PSA, or (2) because noncompliance
> with terms of a PSA is irrelevant to the validity of the assignment (or both).

*Au v. Republic State Mortg. Co.*, 948 F. Supp. 2d 1086, 1098 (D. Haw. 2013) (quoting

*Abubo v. Bank of New York Mellon*, No. CIV. 11-00312 JMS, 2011 WL 6011787, at *8

(D. Haw. Nov. 30, 2011)); *see also Deutsche Bank Nat. Tr. Co. v. Slotke*, 367 P.3d 600,

606 (Wash. Ct. App. 2016) ("[The plaintiff] bases this argument on a challenge to [the bank's] compliance with the trust's [PSA], but she lacks standing to raise that issue because she is not a party to or intended third-party beneficiary of that agreement.") (*citing In re Nordeen*, 495 B.R. 468, 480 (9th Cir. 2013) (explaining that the securitization of a loan merely creates a separate contract distinct from the plaintiff's debt obligations under the note)). The court sees no reason to depart from the foregoing authority here.

Finally, Plaintiffs' claims for declaratory relief fail because they lack standing to challenge the assignments. *Zhong v. Quality Loan Service Corp. of Wash.*, No. C13-0814JLR, 2013 WL 5530583, at *3 (W.D. Wash. Oct. 7, 2013) ("Ms. Zhong, as a borrower and third party to the transactions, lacks standing to challenge the Assignment and the Appointment."). "[T]here is ample authority that borrowers, as third parties to the assignment of their mortgage (and securitization process), cannot mount a challenge to the chain of assignments unless a borrower has a genuine claim that they are at risk of paying the same debt twice if the assignment stands." *Borowski v. BNC Mortg., Inc.*, No. C12-5867 RJB, 2013 WL 4522253, at *5 (W.D. Wash. Aug. 27, 2013); *see Lake v. MTGLQ Investors, LP*, No. C17-0495JLR, 2017 WL 383950, at *6 (W.D. Wash. Sept. 1, 2017) ("[The plaintiff] lacks standing to challenge the assignment of his deed of trust because he has not alleged that he is at a genuine risk of paying the same debt twice."). Plaintiffs assert no such allegation here. (*See generally* Compl.) Further, Plaintiffs fail to raise any legally cognizable argument in response to Defendants' argument that they lack of standing to challenge the assignments of their deed of trust. *(See generally* Resp.)

Thus, for all of the reasons stated above, the court grants Defendants' motion to dismiss Plaintiffs' claims for declaratory judgement invalidating the sale of their property in foreclosure based on an improper chain of title or the securitization of their debt.

    2.  Unjust Enrichment

Plaintiffs allege that Defendants have been unjustly enriched by their receipt of Plaintiffs' loan payments and will be further unjustly enriched by the proceeds of an "invalid and improper" trustee's sale. (Compl. ¶¶ 69-70.) Plaintiffs' allegation that U.S. Bank has no interest in the deed of trust underlies this claim. However, as discussed above, with respect to Plaintiffs' claims for a declaratory judgment, this allegation is without legal or factual support. *See supra* § III.C.1.

In any event, Plaintiffs' claim for unjust enrichment cannot survive here. "Washington courts preclude unjust enrichment claims premised on transactions concerning which the parties entered into express contracts." *Craig Wireless Sys. Ltd. v. Clearwire Legacy LLC*, No. C10-1269Z, 2011 WL 4011415, at *12 (W.D. Wash. Sept. 9, 2011); *see also MacDonald v. Hayner*, 715 P.2d 519, 522 (Wash. Ct. App. 1986) ("A party to a valid express contract is bound by the provisions of that contract, and may not disregard the same and bring an action on an implied contract relating to the same matter, in contravention of the express contract."); *Mattos v. Laurus Funding Grp., Inc.*, No. CIV. 11-00275 LEK, 2013 WL 253483, at *6 (D. Haw. Jan. 23, 2013) ("Plaintiff's allegations relate to the Note and Mortgage, which were express agreements that she executed in connection with the loan, and Plaintiff therefore cannot maintain an unjust

//

enrichment claim.").  Accordingly, the court grants Defendants' motion to dismiss this claim with prejudice.[4]

### 3. CLA Claim

Plaintiffs allege that Defendants violated the CLA through fraud and misrepresentation premised on a laundry list of alleged wrongdoing involving the assignments and securitization of the deed of trust.  (*See* Compl. ¶¶ 71-74.)  Plaintiffs also allege a per se violation of the CLA based on Plaintiffs' allegation that Defendants violated the CAA.  (*See id.*)

Defendants move to dismiss Plaintiffs' CLA claim because it is based on fraud and inadequately pled under Federal Rule of Civil Procedure 9(b).  (MTD at 12.)  "In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b); *see also Haberman v. Wash. Pub. Power Supply Sys.*, 744 P.2d 1032, 1069 (Wash. 1987), *amended*, 750 P.2d 254 (Wash. 1988) ("The complaining party must plead both the elements and circumstances of fraudulent conduct.").  Further, the Ninth Circuit has stated that "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the

---

[4] Plaintiffs' response to the motion to dismiss includes new allegations purporting to support a claim for breach of the contractual duty of good faith and fair dealing.  (*See* Resp. at 20.)  The court is not permitted to consider new allegations made outside of the complaint itself in response to a Rule 12(b)(6) motion.  *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").  Thus, the court disregards any allegations which attempt to assert new claims in Plaintiffs' response.

allegations surrounding his alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998) (alterations in original)). Defendants argue that Plaintiffs' conclusory allegations concerning Defendants' alleged fraudulent conduct fails to meet this standard. The court agrees.

At the outset, the CLA expressly "does not apply to . . . [a]ny person doing business under, and as permitted by, any law of this state or of the United States relating to banks, . . . [or] trust companies . . . ." RCW 31.04.025(2)(a). Thus, the statute does not apply to U.S. Bank.

In addition, Defendants move to dismiss Plaintiffs' claim of a per se violation of the CLA based on Defendants' alleged violation of the CAA. (MTD at 13.) Indeed, Washington courts have concluded that the CAA is not applicable to foreclosure activity. *See Barbanti v. Quality Loan Serv. Corp.*, No. CV-06-0065-EFS, 2007 WL 26775, at *2 (E.D. Wash. Jan. 3, 2007) ("[T]he Court finds the CAA is not applicable to the instant facts because [the defendant loan servicer] was acting to enforce a security interest [on real estate] and not to collect a 'debt'."). Further, banks and mortgage banks are expressly excluded from the CAA, and accordingly the statute is inapplicable to Defendants. *See* RCW 19.16.100(5)(c) ("'Collection agency' does not mean and does not include . . . [a]ny person whose collection activities are carried on in his, her, or its true name and are confined and are directly related to the operation of a business other than that of a collection agency, such as but not limited to . . . mortgage banks . . . and banks."); *Johnson v. JP Morgan Chase Bank N.A.*, No. 14-5607 RJB, 2015 WL 4743918,

at *10 (W.D. Wash. Aug. 11, 2015) ("[The CAA] claim should be dismissed against Chase because the statute expressly excludes "mortgage banks and banks" from its coverage.").

Finally, Defendants move to dismiss Plaintiffs' CLA claim as barred by the three-year statute of limitations applicable to claims based on fraud.  (MTD at 14 (citing RCW 4.16.080(4)).)  "The statute begins to run in fraud cases when there is discovery by the aggrieved party of the facts constituting the fraud. . . . Actual knowledge of the fraud will be inferred if the aggrieved party, by the exercise of due diligence, could have discovered it." *Strong v. Clark*, 352 P.2d 183, 184 (Wash. 1960) (citing RCW 4.16.080(4)).  Defendants argue that Plaintiffs' CLA claim arose when Defendants continue to collect Plaintiffs' payments after the alleged failure of the November 2011 assignment of the deed of trust to investment trust.  (*See* MTD at 14 (citing Compl. ¶¶ 63-65, 93).)  Defendants argue that Plaintiffs could have discovered the November 2011 assignment as a matter of public record since it was recorded at that time, and Plaintiffs obviously knew that loan payments continued to accrue, but they nevertheless waited until 2016 to bring their CLA claim.  (*Id.*; *see also* Compl. Ex. 2).  Plaintiffs provide no meaningful response to Defendants' statute of limitations argument.  (*See generally* Resp.)  Indeed, Plaintiffs do not reference the CLA statute of limitations in their response.  (*See id.*)  When a party fails to respond to a motion, the court may consider such failure "as an admission that the motion has merit."  *See* Local Rules W.D. Wash. LCR 7(b)(2).

//

For all of the reasons stated above, the court grants Defendants' motion to dismiss Plaintiffs' CLA claim with prejudice.

4. <u>CPA Claim</u>

Defendants also move to dismiss Plaintiffs' CPA claim. (MTD at 14-16.) Where Plaintiffs' CPA claim rests on alleged underlying violations of the CLA, CAA, and DTA, Plaintiffs' CPA claim fails as a matter of law for the reasons stated above. *See supra* §§ III.C.1-3. Plaintiffs, however, also rely on allegations that Defendants "historically engaged and presently engage in unfair or deceptive business practices," that the involvement of MERS in the real estate transaction violates the CPA, and that MERS' purported failed assignment to U.S. Bank resulted in "improperly executed documents" and an improper nonjudicial sale procedure. (*See* Compl. ¶¶ 80-81, 83-85.)

To state a CPA claim, Plaintiffs must allege an actionable injury and a causal link between the alleged misrepresentation or deceptive practice and the purported injury. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins.*, 719 P.2d 531, 539 (Wash. 1986) ("A causal link is required between the unfair or deceptive acts and the injury suffered by plaintiff."). Plaintiffs allege damages, including "distraction and loss of time . . . due to the necessity of addressing the wrongful conduct through this and other actions, as well as having to incur costs charged by Defendants and to defend [their] Property during these unlawful foreclosure proceedings, including incurring the costs of hiring attorneys to represent [their] interests as homeowner[s]." (Compl. ¶ 85.) Defendants assert that Plaintiffs have not alleged how the presence of MERS in the deed

//

of trust or MERS' involvement with their loan in general has caused their alleged injuries.  (MTD at 16.)  The court agrees.

Washington courts have determined that "an injury resulting from having to bring suit to protect against [a] [l]ender's foreclosure action . . . is insufficient to satisfy the injury element of a private CPA claim." *Demopolis v. Galvin*, 786 P.2d 804, 809 (Wash. Ct. App. 1990).  Further, "[a]ny damage to plaintiff's credit, cloud on his title, or monetary effect of the threat of foreclosure cannot be laid at MERS' door." *Babrauskas v. Paramount Equity Mortg.*, No. C13-0494RSL, 2013 WL 5743903, at *4 (W.D. Wash. Oct. 23, 2013).  "*Bain* makes clear that the mere listing of MERS as a beneficiary is not an actionable injury under the CPA, and Plaintiff has failed to allege any prejudice resulting from MERS' role." *Cagle v. Abacus Mortg., Inc.*, No. 2:13-CV-02157-RSM, 2014 WL 4402136, at *4 (W.D. Wash. Sept. 5, 2014).  Indeed, "[c]ourts have been uniform in dismissing complaints that rest on bare allegations that MERS' participation tainted subsequent assignments and foreclosure actions."  (*Id.* (citing cases); *see also Zalac v. CTX Mortg. Corp.*, 628 F. App'x 522, 523 (9th Cir. 2016) ("[A]lthough MERS was named as the initial beneficiary in the deed of trust, it had no connection to the foreclosure proceedings and can thus play no role in the causation of any of [the plaintiff's] purported damages.")  Here, Plaintiffs have not alleged facts raising a plausible inference that, but for MERS' involvement with their deed of trust or the alleged improper assignments thereof, Plaintiffs would not have suffered the adverse impacts of which they complain.  Rather, Plaintiffs' failure to meet their debt obligations is the "but for" cause of the default, the foreclosure sale of their property, and the loss of

time and costs they incurred in having "to defend [their] property" and "hir[e] attorneys to represent [their] interests as homeowner[s]." (*See* Compl. ¶ 85); *see also Zalac*, 628 F. App'x at 523 ("In the end, [the plaintiff's] CPA claim . . . fails because he has not articulated how he has been injured as a result of any defendant's representations to him.")

Further, the securitization of Plaintiffs' loan also does not constitute an actionable unfair or deceptive act under the CPA. *See Cagle*, 2014 WL 4402136, at *4. The transfer of Plaintiffs' deed of trust and note did not extinguish Plaintiffs' obligations under those instruments because "even if [the transfer] did occur in violation of the PSA, . . . the PSA contract was entirely separate from that giving rise to [Plaintiffs'] obligations." *Id.* The court concurs with Defendants, and Plaintiffs offer no meaningful or substantive response to these arguments. Accordingly, the court grants Defendants' motion to dismiss Plaintiffs' CPA claim with prejudice.

### 5. FDCPA Claims

Plaintiffs allege violations of two provisions of the FDCPA, 15 U.S.C. §§ 1692e, 1692f(6). (Compl. ¶¶ 74, 86-93.) Section 1692e prohibits "[a] debt collector [from] us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. In relevant part, Section 1692f prohibits "[a] debt collector [from] . . . [t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . (B) there is no present intention to take possession of the property . . . ." 15 U.S.C. § 1692f(6). Defendants argue that Plaintiffs' claims under the FDCPA should be dismissed because the statute is inapplicable both to

the foreclosure activities at issue here and to Defendants, who are not statutory "debt collectors." (MTD at 17-18.) The court agrees.[5]

To state a claim under the FDCPA, a plaintiff must allege facts supporting three threshold elements: (1) that the plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3); (2) that the defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6); and (3) that the defendant "committed some act or omission in violation of the FDCPA," 15 U.S.C. §§ 1692a-1692o. *See Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009) (citing *Withers v. Eveland*, 988 F. Supp. 942, 945 (E.D. Va. 1997) and 15 U.S.C. § 1692a(3), (6)); *see also Ananiev v. Aurora Loan Servs., LLC*, No. C 12-2275 SI, 2012 WL 2838689, at *3 (N.D. Cal. July 10, 2012).

For purposes of a claim based on 15 U.S.C. § 1692e, the FDCPA defines a "debt collector" as "any person who . . . [engages] in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . ." *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 969 (9th Cir. 2017) (citing 15 U.S.C. § 1692a(6)). Defendants argue that they do not fall within this statutory definition. The court agrees. In *Henson v. Santander Consumer USA, Inc.*, the Supreme Court stated:

---

[5] Plaintiffs offered no meaningful response to Defendants' motion to dismiss their FDCPA claims. (*See generally* Resp.) As noted above, when a party fails to respond to a motion, the court may consider such failure "as an admission that the motion has merit." *See* Local Rules W.D. Wash. LCR 7(b)(2). The court construes Plaintiffs' failure to provide any meaningful response as an admission that the Defendants' arguments have merit.

> [T]he [FDCPA] defines debt collectors to include those who regularly seek to collect debts "owed . . . another."  And by its plain terms this language seems to focus our attention on third party collection agents working for a debt owner—not on a debt owner seeking to collect debts for itself.  Neither does this language appear to suggest that we should care how a debt owner came to be a debt owner—whether the owner originated the debt or came by it only through a later purchase.  All that matters is whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for "another."  And given that, it would seem a debt purchaser like [the defendant] may indeed collect debts for its own account without triggering the statutory definition

*Henson v. Santander Consumer USA Inc.*, --- U.S. ---, 137 S. Ct. 1718, 1721-22 (2017) (quoting 15 U.S.C. § 1692a(6)).  Thus, Plaintiffs' Section 1692e claim fails as a matter of law because U.S. Bank does not fall within the statutory definition of a "debt collector" when it attempts to collect a debt that it owns.[6]  Further, the Ninth Circuit's decision in *Ho v. ReconTrust Co., NA*, forecloses Plaintiffs' assertion that Defendants violated 15 U.S.C. § 1692e by attempting to nonjudicially foreclose on Plaintiffs' property.  858 F.3d 568, 572 (9th Cir. 2016) ("[A]ctions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA.").

Although Section 1692f(6) of the FDCPA does "regulate[] nonjudicial foreclosure activity," *see Dowers*, 852 F.3d at 970 (citing 15 U.S.C. § 1692f), Plaintiffs' claim under

---

[6] Although Plaintiffs allege that U.S. Bank does not own the loan, such allegations are implausible because they are contradicted on the face of the documents attached to Plaintiffs' complaint.  (*See* Compl. Ex. 2); *see supra* § III.C.1; *see Daniels-Hall*, 629 F.3d at 998 ("We are not . . . required to accept as true allegations that contradict exhibits attached to the complaint . . . ."); *Somers v. Apple, Inc*., 729 F.3d 953, 964-65 (9th Cir. 2013) (affirming dismissal for failure to state a claim because the plaintiff's theory was implausible in the face of contradictory facts alleged in her complaint).

this provision also misses the mark. Section 1692f(6) prohibits the "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A); *see Ho*, 840 F.3d at 622. Here, Plaintiffs fail to plausibly allege that U.S. Bank has "no present right to possession of the property." *See* 15 U.S.C. § 1692f(6)(A). Plaintiffs' allegations to that effect are premised on the notion that the assignments at issue here were ineffective and deprived U.S. Bank of the right to foreclose on the property. (*See, e.g*., Compl. ¶¶ 33, 36.) The court has already rejected this argument. *See supra* § III.C.1. Further, Plaintiffs' allegations are implausible because they are contradicted by the documents attached to the complaint. (*See* Compl. Exs. 1-2.) Those documents, on their face, demonstrate that U.S. Bank has a present right to possession of the property at issue as collateral through an enforceable security interest. (*See id.*) Consequently, the court cannot reasonably infer U.S. Bank's foreclosure actions to be within the provisions of Section 1692f(6), *see Daniels-Hall*, 629 F.3d at 998 (stating that the court is "not required to accept as true allegations that contradict exhibits attached"), and dismisses Plaintiffs' FDCPA claims on this basis.

## IV.  CONCLUSION

Based on the foregoing analysis, the court GRANTS Defendants' motion to dismiss (Dkt. # 10). Because the court concludes that the defects in the complaint cannot

//

//

be cured by amendment, Plaintiffs' complaint is DISMISSED WITH PREJUDICE and without leave to amend.

Dated this 14th day of December, 2017.

JAMES L. ROBART
United States District Judge